Kevin P. McCulloch (KM0530)
Nate A. Kleinman (NK3168)
THE MCCULLOCH LAW FIRM, PLLC
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (206) 219-6358

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL GRECCO,<br><br>    *Plaintiff*,<br><br>    v.<br><br>ASSOCIATED PRESS; HEARST COMMUNICATIONS, INC.; HEARST SEATTLE MEDIA, LLC; WP COMPANY LLC; NEW YORK DAILY NEWS COMPANY; TELEGRAPH MEDIA GROUP LIMITED; and JOHN DOES 1-10,<br><br>    *Defendants*. | Civil Case No. 16-cv-6240 (VEC)<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

## COMPLAINT

Plaintiff MICHAEL GRECCO ("Plaintiff"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable, and for his Complaint against Defendants ASSOCIATED PRESS; HEARST COMMUNICATIONS, INC.; HEARST SEATTLE MEDIA, LLC; WP COMPANY LLC; NEW YORK DAILY NEWS COMPANY; TELEGRAPH MEDIA GROUP LIMITED; and JOHN DOES 1-10 (collectively "Defendants"), hereby asserts and alleges as follows:

## NATURE OF THE ACTION AND RELIEF SOUGHT

1. This is an action for copyright infringement and related claims brought against Defendants for unauthorized and infringing uses of Plaintiff's photograph as alleged herein.

2. Plaintiff seeks damages and other relief related to Defendants' knowing and willful infringement of Plaintiff's copyrights in the original work identified herein.

## THE PARTIES

3. Plaintiff Michael Grecco ("Grecco") is a resident of the State of California.

4. Plaintiff is a professional photographer who makes his living by creating and licensing photographs.

5. Defendant Associated Press ("AP"), a New York Corporation, describes itself as a not-for-profit news "cooperative" that is owned by and made up of over 1,400 newspapers and media organizations. AP's headquarters are located in New York, New York.

6. Upon information and belief, Defendant Hearst Communications, Inc. ("Hearst"), a Delaware Corporation, owns and operates the SFGate online news and entertainment service located at www.SFGate.com. SFGate's primary place of business is in San Francisco, California.

7. Upon information and belief, Defendant Hearst Seattle Media, LLC ("HSM") is a limited liability corporation that owns and operates Seattlepi, an online only newspaper located at www.seattlepi.com, with its primary place of business in Seattle, Washington.

8. Upon information and belief, Defendant WP COMPANY LLC ("WP") is a limited liability company that owns and operates the The Washington Post print newspaper and website located at www.washingtonpost.com, with its primary place of business in Washington D.C.

9. Upon information and belief, Defendant New York Daily News Company ("NYDN") is a New York Corporation that owns and operates the New York Daily News print newspaper and website located at www.nydailynews.com, with its primary place of business in New York, NY.

10. Upon information and belief, Defendant Telegraph Media Group Limited ("Telegraph") is a publishing company that owns and operates The Daily Telegraph print newspaper and website located at www.telegraph.co.uk, with its primary place of business in London, England.

11. The John Doe Defendants are as-of-yet-unidentified publishers and companies to whom, upon information and belief, Defendant AP distributed copies of Plaintiff's photograph at issue in this action without permission or a license and who subsequently published and/or made other unlicensed uses of Plaintiff's photo.

12. Together, Defendants Hearst, HSM, WP, NYDN, Telegraph, and the John Does are referred to herein as "the Publisher Defendants."

**JURISDICTION AND VENUE**

13. Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights); 28 U.S.C. § 1331 (conferring jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States").

14. This Court also has jurisdiction over Plaintiff's claims pursuant Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, which authorizes the Court to declare the rights and other

legal relations between the parties and pursuant to 28 U.S.C. § 1367 because Plaintiff's non-copyright claim arises from the same controversy as the copyright infringement claims being asserted herein.

15. Venue is proper in this Court under 28 U.S.C. § 1391(b) since the alleged misconduct by Defendants giving rise to the claims asserted herein occurred in this District and/or involved parties located in this District; 28 U.S.C. § 1400(a) since the alleged misconduct by Defendants occurred in this District and/or because Defendants may be found in this District.

16. This Court has personal jurisdiction over AP because its headquarters are located in this District.

17. This Court has personal jurisdiction over Hearst because its headquarters are located in this District.

18. This Court has personal jurisdiction over the other Publisher Defendants because they conduct substantial business in the State of New York; infringed Plaintiff's copyrights in the State of New York as described herein; purposefully targeted activities to and systematically transacted, conducted, and solicited business in this District, including through their ongoing relationship and dealings with AP; and because they obtained the copy of Plaintiff's photograph at issue in this lawsuit from AP in New York.

19. Each of the Publisher Defendants conducts ongoing and continuous business in this District through their agreement and relationship with AP.

20. Each of the Publisher Defendants obtained unauthorized copies of Plaintiff's photograph from AP.

**FACTUAL ALLEGATIONS**

21. Plaintiff created and owns all copyrights in the following photograph that is a a behind-the-scenes photograph of Xena: Warrior Princess (the "Photograph"):



22. The Publisher Defendants published Plaintiff's Photograph without a license, including but not limited to on their websites and other online/digital publications.

23. Attached hereto as Exhibit 1 are true and correct copy of screen captures of the known and named Publisher Defendants' websites demonstrating that they published the Photograph.

24. Upon information and belief, the Publisher Defendants obtained copies of Plaintiff's Photograph from AP.

25. Upon information and belief, AP obtained copies of Plaintiff's photograph for a limited purpose many years ago and, without permission or informing Plaintiff, maintained a copy of the Photograph in its library/archive.

26. Upon information and belief, AP had no permission or license to maintain a copy of Plaintiff's photograph in its library/archive and doing so was a violation of any alleged permission AP originally had obtained—if any at all—to distribute Plaintiff's work.

27. Upon information and belief, AP subsequently distributed copies of Plaintiff's Photograph to all of its wire service subscribers and did so for purposes beyond the original basis for it obtaining a copy of Plaintiff's Photograph and in violation of any alleged permission it allegedly received to distribute Plaintiff's Photograph.

28. Upon information and belief, AP had the right and ability to prevent the infringing acts of the Publisher Defendants.

29. Among other things, AP has the practical ability to not provide copies of photographs to its subscribers.

30. AP also has the right and ability to send directives to its subscribers ordering them to stop using image content provided by AP.

31. AP and the Publisher Defendants infringed Plaintiff's copyrights by copying, publishing, and distributing copies of Plaintiff's Photograph without permission.

32. AP and the Publisher Defendants also infringed Plaintiff's copyrights by retaining copies of the Photograph in their "file" archives and publishing (and/or allowing/authorizing/directing others to publish) the Photograph.

33. AP did not have permission from Plaintiff to distribute copies of Plaintiff's Photograph to its wire subscribers.

34. AP did not have permission from Plaintiff to authorize its subscribers to maintain archive or "file" copies of the Photograph, or to republish the Photograph years after its initial distribution. Nor did the Publisher Defendants have a license to do so.

35. Plaintiff presently lacks information necessary to determine all wire subsribers and downstream customers to whom AP distributed unlicensed copies of Plaintiff's Photograph.

Plaintiff also presently lacks the information necessary to identify all unlicensed uses of Plaintiff's Photograph by AP's clients and wire subscribers.

36. Upon information and belief, a reasonable opportunity for discovery will permit Plaintiff to identify additional infringing parties and yield evidence that the infringing uses identified in Exhibit 1 are not the complete scope of the Defendants' uses of the Photograph.

## COUNT I
## COPYRIGHT INFRINGEMENT
## AGAINST ALL DEFENDANTS

37. Plaintiff repeats and re-alleges each allegation set forth in all paragraphs above as if set forth fully herein.

38. Plaintiff created and is the owner of all copyrights in and to the Photograph.

39. Plaintiff registered his copyrights in the Photograph with the U.S. Copyright Office.

40. AP and the Publisher Defendants used, published, distributed, and/or otherwise used and exploited Plaintiff's Photograph as alleged herein without authorization or license.

41. By making unauthorized uses of the Photograph, AP and the Publisher Defendants misappropriated Plaintiff's intellectual property for their own profit, causing Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

42. AP and the Publisher Defendants' unauthorized use of Plaintiff's copyrighted Photograph was willful.

43. AP and Defendant Telegraph have been sued for this identical conduct in the past, and the infringements at issue here are part of a broader pattern of misconduct evincing knowledge and willfulness.

44. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including AP and the Publisher Defendants' profits attributable to the infringing use of Plaintiff's creative work, and the damages suffered as a result of the lack of compensation, credit, and attribution.  Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

### COUNT II
### CONTRIBUTORY and/or VICARIOUS COPYRIGHT INFRINGEMENT AGAINST AP

45. Plaintiff repeats and re-alleges the allegations above as if set forth fully herein.

46. AP distributed copies of Plaintiff's copyrighted Photograph to its customers without valid permission from Plaintiff, who is the only party authorized to allow such editorial uses of the Photograph.

47. Through its actions, AP materially contributed to, facilitated, induced, or otherwise is responsible for the directly infringing acts carried out by the Publisher Defendants.

48. AP had the right and ability to prevent the Publisher Defendants from copying and publishing Plaintiff's Photograph.

49. AP obtained direct financial benefits from the infringements of the Publisher Defendants.

50. By copying, distributing, displaying, publishing, and otherwise exploiting Plaintiff's copyrighted Photograph, each of the Publisher Defendants infringed Plaintiff's copyrights and caused Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

51. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profits attributable to the infringements, and

damages suffered as a result of the lack of compensation, credit, and attribution and from any diminution in the value of Plaintiff's copyrighted work. Plaintiffs also seek all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

## COUNT III
## REQUEST FOR DECLARATORY JUDGMENT
## AGAINST AP

52. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

53. This is not the first instance in which AP has maintained copies of Plaintiff's work in its file or archive without permission and subsequently distributed those unlicensed copies of Plaintiff's works to its customers and wire subscribers without permission, thus causing and enabling additional, downstream unlicensed uses of Plaintiff's photos.

54. Plaintiff has been forced to assert claims and file lawsuits against AP repeatedly for this infringing and unethical behavior.

55. AP previously agreed that it would direct its customers and wire subscribers to cease any use of Plaintiff's photos and remove them from their archive files.

56. Upon information and belief, AP has failed to issue such a directive related to all of Plaintiff's works that AP has distributed previously.

57. Despite its ability to send such a directive and being the sole party in possession of the information necessary to determine to which entities it has distributed Plaintiff's photographs, AP contends that it is not responsible for doing so and refuses to provide the information necessary for Plaintiff to direct publishers to remove copies of his photographs from their file archives.

58. An actual controversy thus has arisen and now exists between Plaintiff and AP concerning these matters.

59. Plaintiff thus seek a judicial determination that AP has no right or license to maintain Plaintiff's works in its archive and re-distribute them without permission.

60. Plaintiffs also seeks an order compelling AP to disclose all parties to whom it has distributed copies of Plaintiff's works and compelling AP to issue a directive or "kill notice" to all of its customers and wire subscribers to remove Plaintiff's photographs from their archive files and making clear that they do not have rights or permission to continue to re-publish Plaintiff's works.

**WHEREFORE,** Plaintiff respectfully prays for judgment on his behalf and for the following relief:

1. A preliminary and permanent injunction against Defendants precluding Defendants from displaying, advertising, promoting, and/or selling the infringing publications identified herein, and requiring Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's photograph and all copies of the infringing materials described in this complaint, that are in the control or possession or custody of Defendants;

2. All allowable damages under the Copyright Act, including but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue, Defendants' lack of attribution, and Defendants' profits attributable to infringement;

3. Plaintiff's full costs, including litigation expenses, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

    4.       A declaration of Plaintiff's rights and order compelling AP to do as indicated above;

    5.       Any other relief authorized by law, including punitive and/or exemplary damages;

and

    6.       For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**
Dated September 29, 2016
New York, New York

                            Respectfully submitted,

By: _/s/ Kevin McCulloch_
Kevin P. McCulloch (KM0530)
Nate A. Kleinman (NK3168)
THE MCCULLOCH LAW FIRM, PLLC
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (206) 219-6358
Kevin@McCullochIPLaw.com
Nate@McCullochIPLaw.com

*Attorneys for Plaintiff*