```
UNITED STATES DISTRICT COURT              USDC SDNY
SOUTHERN DISTRICT OF NEW YORK             DOCUMENT
                                          ELECTRONICALLY FILED
------------------------------------- X   DOC #:
MICHAEL GRECCO,                       :   DATE FILED: 7/7/2017
                                      :
                           Plaintiff, :   16-CV-6240 (VEC)
                                      :
                -against-             :   OPINION & ORDER
                                      :
ASSOCIATED PRESS; HEARST              :
COMMUNICATIONS, INC.; HEARST SEATTLE  :
MEDIA, LLC; NEW YORK DAILY NEWS       :
COMPANY; TELEGRAPH MEDIA GROUP LIMITED; :
and JOHN DOES 1-10,                   :
                                      :
                           Defendants. :
------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

Plaintiff Michael Grecco brings this action against Associated Press ("AP"), Hearst Communications, Inc., Hearst Seattle Media, LLC, Telegraph Media Group Limited and other John Doe publishers (collectively, "Defendants")[1] for copyright infringement and related claims. Associated Press, joined by Hearst Communications, Inc., and Hearst Seattle Media, LLC, move pursuant to Federal Rule of Civil Procedure 12(c) for a partial judgment on the pleadings that dismisses Plaintiff's claims for statutory damages and attorney's fees associated with his claim for copyright infringement and dismisses his request for a declaratory judgment. Dkt. 45. For the following reasons, Defendants' motion is DENIED relative to Plaintiff's copyright infringement claims and GRANTED as to Plaintiff's declaratory judgment claim.

---

[1] The original Complaint also named as defendants WP Company, LLC (originally sued as Nash Holdings LLC), and New York Daily News Company, but those parties have since settled. Dkts. 41, 43.

1

## BACKGROUND[2]

Plaintiff is a professional photographer who creates and licenses photographs. FAC ¶ 4.[3] Plaintiff alleges that he created and owns all copyright in a behind-the-scenes photograph from the television show "Xena: Warrior Princess" (hereafter the "Xena photograph"). FAC ¶ 21. Defendant AP is a news cooperative of over 1,400 newspapers and media organizations, and Defendants Hearst Communications, Inc. and Hearst Seattle Media, LLC ("Hearst Defendants") own and operate digital publications. FAC ¶¶ 5-7.

The First Amended Complaint is curiously devoid of facts that one would normally expect to see in such a complaint, such as the date on which the copyright was registered and the date (or at least the approximate date) on which the work was licensed. Plaintiff acknowledges that AP received copies of the Xena photograph "for a limited purpose many years ago" but alleges that it maintained an unauthorized copy in its archive. FAC ¶ 25. Plaintiff alleges that AP distributed the Xena photograph to its wire service subscribers, including the Hearst Defendants, and that neither AP nor the Hearst Defendants had permission to maintain a copy of, distribute or publish the Xena photograph. FAC ¶¶ 22-27, 31-32. Plaintiff alleges that the Xena photograph was published on the Hearst Defendants' and other publishers' websites, attaching to his Complaint screenshots from those websites that appear to include the Xena photograph. FAC ¶ 22; FAC Ex. 1. Plaintiff further alleges that on some unspecified date in some unspecified context, AP agreed to direct its customers and subscribers to cease using and to remove from

---

[2] The facts are taken from the First Amended Complaint and are assumed to be true, with all inferences drawn in Plaintiff's favor. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

[3] This Court uses the following abbreviations herein: Plaintiff Michael Grecco's First Amended Complaint ("FAC"), Dkt. 35; Defendant AP's Answer to the First Amended Complaint ("Def. Answer"), Dkt. 39; Defendant AP's Memorandum of Law in Support of Motion for Judgment on the Pleadings ("Def. Mem."), Dkt. 46; Declaration of Andrew Deutsch in Support of Motion for Judgment on the Pleadings ("Deutsch Decl."), Dkt. 47; Plaintiff's Memorandum of Law in Opposition to Motion for Judgment on the Pleadings ("Pl. Resp."), Dkt. 48; Defendant AP's Reply Memorandum of Law in Support of Motion for Judgment on the Pleadings ("Def. Rep."), Dkt. 49.

their archives any of Plaintiff's photographs, but that AP had failed to send any such directive. FAC ¶¶ 55-56.

In addition to claims of copyright infringement (Counts I and II), Plaintiff seeks a declaratory judgment (Count III) that: AP may not maintain or distribute any of Plaintiff's photographs; compels AP to disclose the recipients of Plaintiff's photographs; and requires AP to issue a directive removing all of Plaintiff's photographs from its customers' and subscribers' archive files.

Defendants move for judgment on the pleadings pursuant to Rule 12(c), arguing that Plaintiff is not entitled to statutory damages or attorneys' fees under the Copyright Act because any alleged infringement began prior to copyright registration. Defendants also argue that this Court lacks subject matter jurisdiction over Plaintiff's claim seeking a declaratory judgment. Plaintiff argues that the Court cannot determine when any infringement began from the pleadings and that the Court may exercise supplemental jurisdiction over the declaratory judgment claim. For the following reasons, the motion is denied in part and granted in part.

## DISCUSSION

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). To survive a 12(c) motion, the plaintiff must plead sufficient facts "to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the complaint must contain factual allegations amounting to "more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**I.      Materials Considered on a Rule 12(c) Motion**

In adjudicating a Rule 12(c) motion, the court examines the complaint, the answer, any written documents attached to them, and any items of which the court may take judicial notice. *L-7 Designs, Inc. v. Old Navy LLC*, 647 F.3d 419, 422 (2d Cir. 2011). A court may consider a document that is not attached as an exhibit to a pleading or incorporated by reference into the complaint if the complaint "'relies heavily upon [the document's] terms and effect,' thereby rendering the document 'integral' to the complaint." *DiFolco v. MSNBC Cable, LLC*, 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)). In other words, the extrinsic document must be "integral to [the Plaintiff's] ability to pursue" a claim in order to be incorporated into the complaint. *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004).

In support of its motion, Defendants filed the Declaration of Andrew Deutsch in Support of Motion for Judgment on the Pleadings ("Deutsch Declaration"). The Deutsch Declaration attaches: a series of emails exchanged between Deutsch and Kevin McCulloch, attorney for Plaintiff; a reproduction of a 1997 newspaper article featuring the Xena photograph; and the copyright registration of the Xena photograph. Deutsch Decl., Ex. 1-7. AP argues that these documents demonstrate that Defendant AP began any alleged infringement of Plaintiff's copyright prior to its registration. Def. Mem. at 10; Deutsch Decl. Ex. 7.

The Court declines to consider the emails attached to the Deutsch Declaration in connection with this motion. The emails are neither incorporated by reference into the Amended Complaint, nor are they integral to Plaintiff's claims. Defendant argues that language in Plaintiff's Amended Complaint implies that Plaintiff relied on the emails in framing the

4

complaint, Def. Mem. at 9-10, but "[l]imited quotation from or reference to documents . . . is not enough to incorporate those documents, wholesale, into the complaint." *Sira*, 380 F.3d at 67.

The Court, however, may take judicial notice of the 1997 article and the copyright registration. A court may take judicial notice of any fact that "is not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). In addition, a court may "take judicial notice of the *fact* that press coverage . . . contained certain information, without regard to the truth of their contents." *Staehr v. Hartford Fin. Services Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (emphasis in original). Accordingly, the Court may consider the 1997 article for the fact of its existence.

Judicial notice also may be taken of "federal copyright registrations, as published in the Copyright Office's registry." *Island Software & Comput. Serv. Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005). Such a registration is integral to Plaintiff's copyright claims, so the Court may also consider the registration in its adjudication of this motion. *Sira*, 380 F.3d at 67. Although the copyright registration attached to the Deutsch Declaration is unauthenticated and, inexplicably, the Plaintiff has not alleged the date on which he registered the copyright, the parties do not dispute that the copyright of the Xena photograph was registered on December 6, 2006, as reflected in the Deutsch Declaration attachment. Deutsch Decl. Exs. 1, 7.

Defendants also offer documents attached to AP's Answer in support of their Rule 12(c) motion. AP attached to its Answer the same 1997 newspaper article that appears in the Deutsch Declaration, Def. Answer Ex. A, and a document that AP asserts reflects its distribution of the Xena photograph to its subscribers, Def. Answer Ex. B. Def. Answer ¶ 21. As discussed above, the Court may take judicial notice of the 1997 newspaper article. The Court need not decide

5

whether it must consider the document reflecting AP's distribution of the Xena photograph; as discussed *infra*, even if the Court were to consider that document, it would not have an impact on the Court's analysis of the Rule 12(c) motion.[4]

Because Defendants seek to introduce documents extrinsic to the Complaint in support of their Rule 12(c) motion, the Court must choose to either exclude those documents or convert the motion into one for summary judgment. *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000); *Korova Milk Bar of White Plains, Inc. v. PRE Properties, LLC*, No. 11 Civ. 3327(ER), 2013 WL 417406, at *6 (S.D.N.Y. Feb. 4, 2013). Neither party has requested summary judgment, and no discovery has occurred; it would be inappropriate to convert AP's motion at this time. *2 Broadway LLC v. Credit Suisse First Boston Mortg. Capital LLC*, No. 00 Civ. 5773 GEL, 2001 WL 410074, at *5 n. 3 (S.D.N.Y. Apr. 3, 2001).

## II. Copyright Infringement

Under the Copyright Act, a plaintiff is not entitled to recover statutory damages or attorneys' fees for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412. The law is clear that statutory damages and attorneys' fees are precluded when the infringement begins prior to the work's

---

[4] The Court notes that there is some disagreement in this District whether to consider documents that are attached to the answer, but are not integral to the complaint, and the factual weight to accord such documents. *Compare Toliver v. City of New York*, No. 10 Civ. 3165(PAC)(JCF), 2012 WL 7782720, at *4 (S.D.N.Y. Dec. 10, 2012) (holding that documents attached to the answer must either be integral to the complaint or susceptible to judicial notice to be considered), *and Martin v. County of Nassau*, 692 F. Supp. 2d 282, 289 (E.D.N.Y. 2010) (refusing to consider documents attached to the answer because "a court may consider a document outside the complaint only when the plaintiff relied on it to frame the complaint"), *with Adams ex rel. 100 Black Men in Law Enf't Who Care v. City of New York*, No. 01 Civ. 9094(TPG), 2003 WL 1741858, at *1-2 (S.D.N.Y. Mar. 31, 2003) (considering documents attached to the answer as factually accurate in granting a 12(c) motion without deciding whether the documents were integral to the complaint or susceptible to judicial notice). Courts, however, have generally taken the position that documents attached to the answer must be integral to the complaint or susceptible to judicial notice to be considered in deciding a Rule 12(c) motion. *See, e.g.*, *Holmes v. City of New York*, No. 14 CV 5253-LTS, 2016 WL 915332, at *2 n.1 (S.D.N.Y. Mar. 4, 2016); *see also L-7 Designs, Inc.*, 647 F.3d at 422.

copyright registration. *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 158 (2d Cir. 2007); *Knitwaves v. Lollytogs Ltd.*, 71 F.3d 996, 1012 (2d Cir. 1995); *Solid Oak Sketches, LLC v. 2K Games, Inc.*, No. 16CV724-LTS, 2016 WL 4126543, at *2 (S.D.N.Y. Aug. 2, 2016); *Ez-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728, 736 (S.D.N.Y. 1996). Although the Second Circuit has not ruled on this issue, district courts in this Circuit agree that pursuant to this bright-line rule, if there is a series of infringements (as there is alleged to be in this case), recovery of statutory damages and attorneys' fees is precluded when the infringement claim is against a defendant that began its infringement before registration. *Solid Oak Sketches, LLC*, 2016 WL 4126543, at *2-3; *Shady Records, Inc. v. Source Enters., Inc.*, No. 03 Civ. 9944(GEL), 2005 WL 14920, at *20-21 (S.D.N.Y. Jan. 3, 2005).

Plaintiff's argument that an appreciable gap in time between pre-registration and post-registration infringements allows copyright owners to recover statutory damages and attorneys' fees for post-registration acts of infringement is without legal basis. *Troll Co.*, upon which Plaintiff relies, involves the construction of a different section of the Copyright Act than is at issue here. Plaintiff's claim is brought pursuant to 17 U.S.C. § 412, whereas the claim in *Troll Co.* involved 17 U.S.C. § 104A. *Troll Co.*, 483 F.3d at 158-59. The framework applied in *Troll Co.* is "inapposite" to Section 412. *U2 Home Entm't v. Hong Wei Int'l Trading, Inc.*, No. 04 Civ. 6189(JFK), 2008 WL 3906889, at *15 (S.D.N.Y. Aug. 21, 2008). Section 412 imposes a bright-line rule; the sort of case-by-case determination used in *Troll Co.* is not appropriate for the "continuing infringement" framework of Section 412. *See, e.g., Solid Oak Sketches, LLC*, 2016 WL 4126543, at *3; *Steele v. Belle*, No. 11 Civ. 9343(RA), 2014 WL 1979227, at *8-9 (S.D.N.Y. Mar. 28, 2014); *U2 Home Entm't*, 2008 WL 3906889, at *15.

Nevertheless, viewed in the light most favorable to the Plaintiff, Defendant's request for judgment on the pleadings must be denied. In cases in which a Rule 12(c) or Rule 12(b)(6) motion has succeeded in dismissing claims for statutory damages and attorney's fees associated with copyright infringement claims, the plaintiff included the first date of infringement in the complaint. *See, e.g., Solid Oak Sketches, LLC*, 2016 WL 4126543, at *2; *Argentto Sys., Inc. v. Subin Associates, LLC*, No. 10 Civ. 8174, 2011 WL 2534896, at *1 (S.D.N.Y. June 24, 2011); *Ez-Tixz, Inc.*, 919 F. Supp at 735. There is no such allegation here and, critically, the date of first infringement appears to be a disputed fact. Pl. Resp. at 15. Therefore, the Amended Complaint plausibly alleges copyright infringement for which statutory damages and attorney's fees may be awarded.

Although Defendants argue that the existence of the 1997 newspaper article establishes that any alleged infringement of Plaintiff's copyright commenced prior to the copyright's registration, Def. Rep. at 7-8, the newspaper shows only that the photograph was published at that time, not that *infringement* began at that time. Plaintiff alleges in his Amended Complaint that AP acquired the Xena photograph "for a limited purpose many years ago." FAC ¶ 25. It is at least plausible that the 1997 distribution and publication of the Xena photograph was permissible under that limited-purpose license and was, therefore, not the first act of infringement. The screenshot from AP's photograph distribution system attached to AP's Answer also fails to show when any alleged infringement began; it reflects only the Xena photograph with the caption "Dec. 14," without any year. Def. Answer Ex. B. Thus, even if the Court were to consider that document, it does not prove when the infringement began.

In short, nothing in the pleadings or the record before this Court proves that there was any pre-registration infringement of the Xena photograph. What AP essentially asks this Court

8

to do is conclude that pre-registration publication is equivalent to pre-registration infringement. Such an inference in favor of the Defendant runs contrary to the Court's obligation to "draw all reasonable inferences in the [Plaintiff's] favor." *L-7 Designs, Inc.*, 647 F.3d at 429 (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)).

Because Plaintiff's claim for statutory damages and attorney's fees survives as to AP, it also remains plausible and survives as to the Hearst Defendants, which joined this part of the motion. Def. Mot. at 1. Just as there remains a material issue of fact as to when AP's alleged infringement began, there also remains a material issue of fact as to when the Hearst Defendants' alleged infringement began and whether any such infringement was part of an ongoing series.

Therefore, Defendant's motion for judgment on the pleadings is DENIED as to the Plaintiff's claim for statutory damages and attorneys' fees. Nevertheless, the Court reminds Plaintiff's counsel of his Rule 11 obligations.

### III. Declaratory Judgment

Plaintiff concedes that the Court would have only supplemental jurisdiction over his claim for a declaratory judgment because the claim itself does not raise a federal question, and there is no allegation that diversity of citizenship exists between the parties. FAC ¶ 14; Pl. Resp. at 21. The Court concludes that it lacks subject matter jurisdiction over Plaintiff's request for a declaratory judgment.

The threshold question for determining whether supplemental jurisdiction exists is whether the state law claims "form part of the same case or controversy" as the claims that fall within the Court's original jurisdiction. 28 U.S.C. § 1367. If the state law claim forms part of the same case or controversy, "supplemental jurisdiction over the related claim is mandatory."

*Itar-Tass Russian News Agency v. Russian Kurrier, Inc.*, 140 F.3d 442, 447 (2d Cir. 1998).[5]

This inquiry turns on whether the federal and non-federal claims arise from "the same 'common nucleus of operative fact' . . . such that the plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'" *Montefiore Medical Ctr. v. Teamsters Local 272,* 642 F.3d 321, 332 (2d Cir. 2011) (quoting *United Mine Workers of Am.v. Gibbs*, 383 U.S. 715, 725 (1966)). Supplemental jurisdiction lies "where the facts underlying the federal and state claims substantially overlap[] . . . or where presentation of the federal claim necessarily [bring] the facts underlying the state claim before the court." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000) (internal citations omitted). On the other hand, supplemental jurisdiction is "lacking when the federal and state claims rest[] on essentially unrelated facts." *Id*.

Plaintiff's infringement claims and declaratory judgment claim raise fundamentally different factual questions. Plaintiff's federal claims hinge upon allegations of copyright infringement of a single photograph. By contrast, Plaintiff has alleged that his declaratory judgment claim is meant to enforce an alleged contractual agreement between Plaintiff and AP (although the contract is not attached to the Amended Complaint, and the allegations that are in the Amended Complaint are quite vague regarding the provenance of the alleged contract). Pl. Resp. at 21-22; FAC ¶ 55. The Court fails to see what, if any, overlap will exist between the operative facts underlying the two claims. Presumably, to be entitled to a declaratory judgment, Plaintiff will have to prove the existence of the contract that AP allegedly breached as well as evidence of the breach. All of those facts are entirely extraneous to the copyright claim, which

---

[5] Courts may nonetheless decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

will require proof, *inter alia*, of registration and infringement relative to one particular photograph. Because the two claims do not share a common nucleus of operative facts, the Court lacks subject matter jurisdiction over Plaintiff's request of a declaratory judgment. Therefore, Defendants' motion is GRANTED with respect to Count III.

## CONCLUSION

For the foregoing reasons, Defendants' Partial Motion for Judgment on the Pleadings is DENIED as to Plaintiff's claim for statutory damages and attorneys' fees and GRANTED as to Count III. The Clerk is respectfully requested to close the open motion at Docket Entry No. 45.

IT IS FURTHER ORDERED that the parties are directed to appear for a status conference on **August 4, 2017, at 10:00 a.m.** to set a discovery schedule in this case. On or before **July 27, 2017**, the parties must submit a proposed Case Management Plan and a joint letter of not more than five (5) pages discussing the status of this case, any contemplated motions, the prospect for settlement, and any other matters that the parties would like to raise for the Court.

On or before **July 20, 2017**, Plaintiff must show cause why his claims against Defendant Telegraph Media Group Limited should not be dismissed for failure to timely serve pursuant to Federal Rule of Civil Procedure 4(m).

**SO ORDERED.**

Date: July 7, 2017　　　　　　　　　　　　　　　VALERIE CAPRONI
　　　　New York, NY　　　　　　　　　　　　　United States District Judge